LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 09-7942-GAF-RZ | Date | January 29, 2010 |
|---|---|---|---|
| Title | Jane Caldwell v. IC Systems, Inc. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**        **(In Chambers)**

**ORDER TO SHOW CAUSE**

     The Court has received plaintiff Jane Caldwell's motion for default judgment against defendant IC Systems, Inc.  While the Clerk of Court has entered default against IC, the Court's review of the docket suggests that IC Systems, Inc. ("IC") may not have been properly served with summons in the first instance.

     On November 12, 2009, Caldwell filed a proof of service with the Court; that document included the summons (executed by the Clerk of Court on October 30, 2009) and a process server's affidavit stating that "On 11/10/2009 at 8:50 AM, I served the within Complaint and Demand for Jury Trial on IC Systems, Inc." by "delivering a true copy of this process" to IC's corporate secretary. (Docket No. 3 at 1-2.)  However, the affidavit is neither notarized nor signed by the process server.

     Subsequently, on December 8, 2009, Caldwell requested that the Clerk enter default against IC (Docket No. 4.), and the Clerk did not make such entry, finding that the "Proof of Service....[d]oes not state if service was made pursuant to State o[r] Federal Statute." (Id.) Caldwell then responded by filing a supplemental proof of service. (Docket No. 5.)  Although this document stated that the summons and complaint were served on IC's corporate secretary, indicated that service was performed in compliance with the Federal Rules of Civil Procedure, and included the process server's signature, it did not bear a specific date of service. (Id.) An accompanying declaration from attorney Bontrager states that "Summons and Complaint in [this] action was duly served upon Defendant on November 10, 2009," but Bontrager does not indicate that he served IC, and the declaration therefore lacks personal knowledge. (Id. at 5.)

LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 09-7942-GAF-RZ | Date | January 29, 2010 |
|---|---|---|---|
| Title | Jane Caldwell v. IC Systems, Inc. | | |

In sum, the record does not include evidence sufficient for the Court to conclude that IC was properly served with notice of the present suit.  The Court will not grant default judgment to Caldwell in the absence of such evidence.  Therefore, Caldwell is **ORDERED TO SHOW CAUSE**, no later than **February 8, 2010**, why the Court should not deny her motion for default judgment.  Caldwell may sufficiently respond to this order by filing a proper proof of service, completed by the process server, which states: (1) the process server's name and signature; (2) the method and date of service; and (3) whether service was completed pursuant to the Federal Rules of Civil Procedure or state rules.

The motion hearing presently scheduled for February 8, 2010 at 9:30 a.m. is hereby **CONTINUED** to February 22, 2010 at 9:30 a.m.

**IT IS SO ORDERED.**